UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA COLWELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 16-cv-05485-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING PARTIES TO CONDUCT FURTHER MEDIATION BY END OF MARCH 2018**<br><br>Re: Dkt. No. 45 |

On February 16, 2018, the Court held a hearing on defendant's motion for summary judgment. Defendant moves for summary judgment on plaintiff's claim for breach of the covenant of good faith and fair dealing, or partial summary judgment on plaintiff's claim for punitive damages. Defendant contends that the undisputed evidence shows that defendant acted reasonably in handling plaintiff's claim, and that there is no evidence of malicious or fraudulent conduct.

Defendant argues that under the reasonable dispute doctrine, it is entitled to summary judgment on plaintiff's claims for bad faith regarding her claims for damage to her dwelling, personal property, and loss of use. Defendant notes that it paid a total of $596,049.61 to plaintiff, and that the total amount in dispute is $53,053.56. Dkt. No. 45 at 13-14; Dkt. No. 45-3, Ex. 75. Defendant argues that it properly and reasonably applied the endorsement limiting coverage for mold damage and that there was a genuine dispute as to whether the damaged wall studs were a preexisting condition. Defendant also argues that it was not illegal or unreasonable for it to ask plaintiff for the age of various personal property items, and that it paid plaintiff the entirety of what was owed for loss of use. Defendant asserts that to the extent there were delays in paying

1 plaintiff, those delays were at least in part due to plaintiff's failure to provide requested
2 information, and defendant argues that plaintiff's failure to commence repairs to her house was
3 unreasonable.[1]

Plaintiff responds that defendant has not met its burden on summary judgment, and that a jury must decide whether defendant's handling of plaintiff's claim was unreasonable and in bad faith. Plaintiff argues that defendant improperly applied the mold limitation because the underlying damage was caused by water, not mold; that the wall studs were damaged by the flooding and were not a preexisting condition; that defendant repeatedly asked for the age of personal property items, despite being informed that plaintiff was elderly, had a poor memory, and had provided all of the information she possessed; and that defendant delayed paying her loss of use claim, and unreasonably ended those payments, in an effort to pressure her to give up her claims. Plaintiff notes that it was only after she filed this lawsuit that defendant made a number of payments to her, and she contends that defendant forced her to file this lawsuit in order to obtain policy benefits. Plaintiff also argues the record contains evidence of both malicious and fraudulent conduct by defendant

"[A]n insurer is not entitled to judgment as a matter of law where, viewing the facts in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably." *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 724 (2007). "A genuine dispute [under the reasonable dispute doctrine] exists only where the insurer's position is maintained in good faith and on reasonable grounds," and its existence can be decided as a matter of law "[p]rovided there is no dispute as to the underlying facts." *Casey v. Metropolitan Life Ins. Co.*, 688 F.Supp.2d 1086, 1098-99 (E.D. Cal. 2010).

The Court finds that summary judgment is not appropriate. The Court cannot conclude as a matter of law that defendant's handling of plaintiff's claims was reasonable or that plaintiff's claim for punitive damages fails. There are disputes regarding the application of the mold

---

[1] At the hearing, the parties informed the Court that plaintiff never undertook any repairs to her house, and that the house was recently sold. Plaintiff's counsel also stated that plaintiff is now living in some sort of assisted living facility.

2

limitation (which is related to both the dwelling and loss of use claims), and whether the wall studs were damaged by the water intrusion. Although defendant emphasizes that it paid plaintiff a total of $596,049.61 and that the amount in dispute is relatively small, a jury could conclude that defendant delayed in making various payments and that it was unreasonable for defendant to repeatedly ask for the age of personal property items.[2] Accordingly, the Court DENIES defendant's motion for summary judgment.

In a joint status report filed on December 1, 2017, the parties informed the Court that if defendant's motion for summary judgment did not resolve this case, "the parties are agreeable to participating in private mediation and will select a new mediator." Dkt. No. 44. **The parties are hereby ordered to do so, and to complete mediation by the end of March 2018. Alternatively, if the parties would prefer to participate in a settlement conference with a magistrate judge, the parties shall contact the Court's clerk, Tracy Kasamoto, no later than February 28, 2018, to request a referral to a magistrate judge.**

**IT IS SO ORDERED**.

Dated: February 26, 2018

SUSAN ILLSTON
United States District Judge

---

[2] To the extent that plaintiff argues that defendant was prohibited as a matter of law from asking for the age of the items, the Court disagrees. Plaintiff has not cited any authority for the proposition that it is illegal or fraudulent for an insurance company to ask for the age of a personal property item, and indeed the regulations accompanying Cal. Ins. Code § 2051(b)(2) specifically state that "age" can be considered when calculating depreciation. *See* 10 Cal. Code Regs. § 2695.9(f). However, the Court finds that a jury could conclude, as a factual matter, that defendant acted unreasonably by repeatedly asking plaintiff to provide the age of personal property items after plaintiff informed defendant that she could not remember the age of the items.